IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**Ronnie Euegene Cates**                                                                            **Plaintiff**

**v.**                          **No. 1:14-CV–009-SWW-JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                                  **Defendant**

### Recommended Disposition

#### Instructions

The following recommended disposition was prepared for U.S. District Judge Susan W. Wright.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Ronnie Euegene Cates seeks judicial review of the denial of his application for social security disability benefits.[3] Cates was last employed in May 2010.[4] Since then, he hasn't had any success finding employment;[5] he's earned money scraping metal and watching over a motorcycle shop.[6] In May 2011, he applied for disability benefits and alleged disability beginning June 2010. He based disability on learning disorder.[7]

**The Commissioner's decision**. After considering the application, the ALJ identified borderline intellectual functioning and depression as severe impairments,[8] and determined Cates can do unskilled work, to include his former work as a chicken catcher and a lumberjack.[9] Because a person who can do his past work is not disabled under social security law, the ALJ determined Cates is not disabled and denied the

---

[3]SSA record at pp. 100 & 108.

[4]*Id*. at pp. 131, 230, & 233.

[5]*Id*. at pp. 42-44 (testifying that he had applied for work at American Polishing and Siding and American Packaging, and explaining that there aren't many jobs in Viola") & p. 232 ("It doesn't seem like I can get a break.").

[6]*Id*. at pp. 101, 131 & 233.

[7]*Id*. at p. 134.

[8]*Id*. at p. 12.

[9]*Id*. at p. 19.

application.[10]

After the Appeals Council denied review,[11] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[12] Cates filed this case to challenge the decision.[13] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Cates's allegations**. Cates challenges the determination that he can work at all exertional levels. He contends the ALJ erred at step two by failing to identify his primary physical problem — foot pain — as a severe impairment. He suggests the ALJ

---

[10]*Id*. at p. 20.

[11]*Id*. at p. 1.

[12]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[13]Docket entry # 1.

[14]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

failed to fully and fairly develop the record by not ordering a consultative physical exam.  He complains because the ALJ did not obtain a medical opinion from an examining or treating physician.  For these reasons, he maintains substantial evidence does not support the ALJ's decision.[15]

**Applicable legal principles**.  At step two of the disability-determination process, the ALJ considers the medical severity of the claimant's impairment(s).[16]  Step two requires the claimant to show he has a severe impairment.[17]  If the claimant meets his burden, the regulations permit the claimant to proceed to the next step of the process.

If the claimant meets his step-two burden, there can be no reversible error where the record shows the ALJ considered all of the medical evidence and all of the claimant's impairments.  The record shows the ALJ considered all of the medical evidence and all of Cates's impairments.  Thus, the question before the court is whether a reasonable mind would accept the evidence as adequate to show Cates can do unskilled work, to include his former work as a chicken catcher and a lumberjack.[18]

---

[15]Docket entry # 10.

[16]20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(4)(ii).

[17]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  *See Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (claimant bears the burden of proving disability).

[18]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

**A reasonable mind would accept the evidence as adequate because there's no medical evidence of physical impairment**.  Although Cates now contends foot pain limits his ability to work, he did not base his claim on foot pain or any other physical impairment.  When he applied for disability benefits, he relied on learning disorder.[19]  At that point, Cates had not seen a medical provider in several years.[20]  This point is probative of Cates's claim because a claimant must have medical evidence to prove disability.[21]

---

[19]SSA record at p. 134 (basing claim on learning disorder) & p. 174 (identifying no source of pain).

[20]*Compare id*. at p. 343 (most recent medical treatment before applying: Oct. 31, 2008 after motorcycle accident) *with id*. at p. 100 (application date: May 19, 2011).  *See also id*. at p. 138 (reporting that he hadn't seen a doctor in 20 years) & p. 230 (reporting that he hadn't see a doctor in 15 years).

[21]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

Cates sought no medical treatment until after he applied for disability benefits and obtained legal counsel.[22] Failing to seek earlier treatment weighs against Cates's claim because it suggests Cates has no physical impairment — or he would have sought treatment — and that Cates sought treatment for the sole purpose of obtaining disability benefits. No need existed for a consultative physical exam because Cates did not base his claim on physical impairment.[23]

When Cates sought treatment, he complained about foot pain and back pain,[24] but treatment records indicate excessive body weight causes pain. Medical providers prescribed a nonsteroidal anti-inflammatory drug for pain and a loop diuretic (or water pill) for weight loss.[25] Cates's weight fluctuated, but longitudinally, his weight increased.[26] Treatment records contain no "medical signs and findings, established by

---

[22]*See* SSA record at p. 232 (reporting on Aug. 15, 2011 that attorney encouraged him to visit free medical clinic) & p. 282 (first medical treatment since 2008; visit to free health clinic on Sept. 6, 2011).

[23]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974) (ALJ has a duty to fairly and fully develop the record as to matters at issue).

[24]SSA record at p. 281 (complaining on Mar. 15, 2012 about foot pain when standing) & p. 264 (complaining on June 21, 2012 about back pain).

[25]*Id*. at pp. 263, 270 & 281.

[26]*Id*. at p. 282 (Sept. 6, 2011, 286 pounds), p. 281 (Mar. 15, 2012, 292.8 pounds), p. 270 (Apr. 19, 2012, 316 pounds), p. 269 (Apr. 27, 2012, 314 pounds), p. 268 (May 3, 2012, 304 pounds), p. 313 (Aug. 21, 2012, 317 pounds) & p. 311 (Jan. 8, 2013, 328 pounds).

medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce [disabling] pain.…"[27]  Without medical evidence, Cates's complaint of foot pain fails to establish a medically determinable physical impairment.  Treatment notes implicate no reason to question a medical provider about foot pain.[28]

**A reasonable mind would accept the evidence as adequate because the ALJ accounted for mental impairment**.  Treatment records reflect no physical impairment, but Cates experiences depression.[29]  Intellectually, he functions in the borderline range.[30]  Despite that limitation, the psychological examiners identified no significant limitation in adaptive functioning.[31]

Cates's depression responded to treatment,[32] but his intellectual functioning limits him to unskilled work.[33]  The ALJ required unskilled work.  Nothing shows

---

[27]42 U.S.C. § 423 (d)(5)(A).

[28]*Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) ("An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped.").

[29]SSA record at p. 234 (first evidence of depression: diagnosis by psychological examiner: mood disorder and cannabis abuse in partial remission).

[30]*Id*. at p. 230 (IQ testing on July 7, 2011).

[31]*Id*. at pp. 230-31 & 234.

[32]*Id*. at pp. 288 & 312.

[33]*Id*. at pp. 253 & 257 (medical expert opinions).

intellectual functioning prevents Cates from working. Cates had a steady work history for many years.[34] He lost his last job because he was smoking instead of working.[35] He has applied for other work, but explained that there aren't many jobs where he lives.[36] Cates is on probation, owes fines, and pays when he can.[37] Cates lamented, "It doesn't seem like I can get a break."[38]

**A reasonable mind would accept the vocational evidence as adequate to support the ALJ's decision.** The ALJ asked a vocational expert to classify Cates's past work.[39] The vocational expert classified Cates's past jobs as a chicken catcher and a lumberjack as unskilled work.[40] The ALJ then asked the vocational expert whether a person who can do unskilled work can do any of Cates's past jobs.[41] According to the

---

[34]*Id*. at p. 115-26 (earnings history showing steady employment until 2007) & p. 230 (reporting work as a truck driver for two years; he left that job in 2007 after employer smelled marijuana in his truck).

[35]*Id*. at pp. 230 & 233.

[36]*Id*. at pp. 42-44.

[37]*Id*. at pp. 35 & 233.

[38]*Id*. at p. 233.

[39]*Id*. at p. 45.

[40]*Id*.

[41]*Id*. at pp. 45-46.

8

expert, such a person can work as a chicken catcher or a lumberjack.[42] The expert's response supports the ALJ's decision because it shows Cates can do his past work and because a person who can do his past work is not disabled under social security law.[43]

The ALJ also asked about other available unskilled work.[44] The vocational expert identified hand packager and production assembler as representative jobs.[45] Thus, even if Cates cannot work as a chicken catcher or a lumberjack, there is work he can do. The vocational evidence shows work exists that Cates can do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[46]

### Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Cates's request for relief (docket entry # 2) and AFFIRMING the Commissioner's

---

[42]*Id*. at p. 46.

[43]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[44]SSA record at p. 46.

[45]*Id*.

[46]42 U.S.C. § 1382c(a)(3)(B) (defining disabled under social security disability law).

decision.

    Dated this 13th day of March, 2015.

                                               _____
                                               United States Magistrate Judge